# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CONNIE L. MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.:  **CV-10-BE-2402-S** |
| | ) | |
| THE BESSEMER BOARD OF | ) | |
| EDUCATION, et. al., | **)** | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OPINION

This matter is before the court on "Defendants' Motion to Dismiss Substituted Second Amended Complaint" (doc. 38).  The court held a hearing on the motion on May 24, 2011.  For the reasons stated on the record of that hearing and summarized below, the court finds that the motion is due to be GRANTED in part and DENIED in part.

Count I

As to the claim in Count I for discrimination asserted against the Board and brought pursuant to Title IX, the court finds that the motion is due to be GRANTED, and that claim DISMISSED WITH PREJUDICE.  To the extent that the Plaintiff brings *employment* discrimination claims, the court finds that Title VII preempts them.  *See Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); *Lakoski v. James*, 66 F.3d 751, 753 (5th Cir. 1995); *Delgado v. Stegall*, 367 F.3d 668, 670 (7th Cir. 2004).  To the extent that the Plaintiff is bringing claims based on discriminatory conduct allegedly perpetrated against the girls'

basketball team members or other coaches, but not against the Plaintiff herself, the court finds

that the Plaintiff has no standing to bring those claims.  *See Williams. v. Bd. of Regents of the*

*Univ. Sys. of Ga.,* 477 F.3d 1282, 1302 (11th Cir. 2007) (setting forth Article III standing

requirements, including the requirement that the plaintiff must have "suffered an injury-in-fact").

<u>Count II</u>

As to the claim in Count II asserted against the Board for retaliation pursuant to Title IX,

the court finds that the motion is due to be GRANTED in part and DENIED in part.  To the

extent that the retaliation is based on complaints of *employment* discrimination, the court finds

the motion is due to be GRANTED and the claim DISMISSED WITHOUT PREJUDICE,

because Title VII preempts such a claim.   To the extent that the claim of retaliation is based on

complaints of conduct that violates Title IX and did *not* involve *employment* discrimination, the

court finds that the motion is due to be DENIED.

<u>Count III</u>

As to the claim in Count III asserted against the Board for gender discrimination in

violation of Title VII, the court finds that the motion is due to be GRANTED in part and

DENIED in part.  The court rejects the Defendant's argument that this claim is statutorily barred.

It finds that her filings on September 3, 2010 (the application under Section 706(f) with its

statement setting forth the "Nature of the Alleged Discrimination"and supporting facts and

attaching the charge of discrimination and right to sue letter) and her filing of the formal

Complaint on October 7, 2010, within the time period provided for by the court's September 9,

2010 Order (doc. 2), sufficiently comply with the Federal Rules of Civil Procedure and the

statute of limitations. *See Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330, 1331 (11th Cir. 1984)

(concluding that initial filings of a right-to-sue letter and a charge of discrimination setting forth the factual basis of the discrimination claim satisfied the 90-day statute of limitations).

To the extent that the Plaintiff asserts a claim of a *hostile work environment*, the court finds that the motion is due to be GRANTED, because the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (using the quoted language to describe a complaint that would survive a motion to dismiss). The court find that claim is due to be DISMISSED WITHOUT PREJUDICE.

To the extent, however, that the Plaintiff asserts a claim of gender discrimination based on *tangible adverse employment actions*, the court finds the motion is due to DENIED, because the complaint states a plausible claim of relief.

Count IV

As to the claim in Count IV asserted against the Board for retaliation based on complaints of gender-based discrimination brought pursuant to Tile VII, the court finds that the motion is due to be DENIED. The court similarly rejects the Defendant's argument that this claim is statutorily barred, as noted above.

Count V

As to the claims in Count V for constitutional violations brought pursuant to § 1983, the court finds the motion is due to be GRANTED as to all claims asserted against the *individual Defendants except Foster*, and finds the motion is due to be GRANTED in part and DENIED in part as to all claims asserted against the *Board and Foster.* The court further explains these rulings below.

3

*Equal Protection*

As to Count V's claim for *retaliation* for complaining about a violation of the *Equal Protection Clause*, asserted against all Defendants, the motion is due to be GRANTED and the claim DISMISSED WITH PREJUDICE as to all Defendants; no clearly "established right exists under the equal protection clause to be free from retaliation." *Ratliff v. DeKalb County, Ga.,* 62 F.3d 338, 341 (11th Cir. 1995).

As to Count V's claim for gender discrimination in violation of the Equal Protection Clause, brought pursuant to § 1983, the court finds the motion is due to be GRANTED and the claim DISMISSED WITHOUT PREJUDICE as to *individual Defendants*, because the complaint does not "contain sufficient factual matter, accepted as true, to state [such] a claim to relief that is plausible on its face." *See Iqbal*, 129 S. Ct. at 1949. To the extent that Plaintiff asserts this claim against the *Board*, the court finds that the motion is due to be DENIED, finding that she has stated a plausible claim.

*First Amendment Speech*

As to Count V's claim for *retaliation* as a result of alleged first amendment speech, brought pursuant to § 1983, the court finds that the motion is due to be GRANTED and the claim DISMISSED WITHOUT PREJUDICE to the extent Plaintiff asserts this claim against the *individual Defendants except Foster*, superintendent and secretary of the Board.  No allegations exist in the complaint, for example, that the individual Defendants who were not board members had notice of the Plaintiff's speech.  To the extent that Plaintiff asserts this claim against the *Board and Foster*, the court finds that the motion is due to be DENIED at this stage, because the

4

Plaintiff has sufficiently alleged against those Defendants retaliation as a result of speech on a matter of public concern at a public meeting of the Bessemer Board of Education.  Whether the speech was indeed of public concern depends upon the content, form, and context of the speech to be determined based on *evidence* presented to the court.

<u>Count VI</u>

As to Count VI, which asserts that the individual Defendants intentionally inflicted emotional distress thereby committing the tort of outrage, the court finds the motion is due to be GRANTED and the claim DISMISSED WITH PREJUDICE; the Plaintiff has not alleged "egregious sexual harassment" or other conduct that is "extreme" and "outrageous" and that falls within this "extremely limited cause of action."  *See O'Rear v. B.H.,* ___ So. 3d ___, 2011 WL 835061, at *9 (Ala. March 11, 2011) (using the quoted language in stating the elements of the tort of outrage and characterizing the nature of that tort, and finding that the evidence was sufficient to establish patient's tort of outrage claim against physician); *see also Busby v. Truswal Sys. Corp.*, 551 So.2d 322, 328 (Ala. 1989) (addressing a claim of tort of outrage in the context of sexual harassment).

<u>Count VII</u>

As to Count VII, which asserts claims against the individual Defendants for negligent hiring, training, supervision, and retention, the court finds that the motion is due to be GRANTED and the claim DISMISSED WITH PREJUDICE; the Plaintiff so acknowledged in her brief.

Injunctive Relief under Title IX

As to the claims for injunctive relief asserted under Title IX, the court finds that the motion is due to be GRANTED and the claim DISMISSED WITH PREJUDICE; the Plaintiff so acknowledged in her brief.

The following claims remain:

Count II's claims of retaliation brought pursuant to Title IX against the Board based on complaints of gender discrimination that fall within the confines of Title IX but do not involve *employment* discrimination;

Count III's claims of gender discrimination in employment brought against the Board pursuant to Title VII;

Count VI's claims of retaliation based on complaints of gender-based employment discrimination against the Board, brought pursuant to Title VII;

Count V's claims of gender discrimination in violation of the Equal Protection Clause brought against the Board pursuant to § 1983;

Count V's claims of retaliation based on First Amendment speech brought against the Board and Foster pursuant to § 1983.

Dated this 7th day of July, 2011.

_Karon O. Bowdre_
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE